# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| JAKE ELROD and<br>ERIC JENKINS | ) <br> ) <br> ) | |
| Plaintiffs | ) <br> ) | DOCKET NO. 1:24-cv-278 |
| v. | ) <br> ) | JURY DEMAND |
| THE CITY OF SODDY-DAISY,<br>TENNESSEE, et al. | ) <br> ) <br> ) <br> ) | |
| Defendants | ) | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The Defendants, City of Soddy Daisy (the "City"), Burt Johnson, Mike Sneed, and Billy Petty, reply to Plaintiffs' response in opposition to their motion for summary judgment as follows:

**1. The Plaintiffs have conceded all claims under 42 U.S.C. §1983, all individual claims against Johnson and Petty and all claims for vicarious liability and permanent injunction.**

In their response, the Plaintiffs' concede summary judgment is appropriate with respect to all claims asserted in the Amended Complaint, with the exception of the claims brought against the City under Tennessee law for alleged violations of the Tennessee Public Protection Act ("TPPA") and the Tennessee Public Employee Political Freedom Act ("PEPFA"), and the state law claim for conspiracy against Sneed, individually.

Accordingly, all claims that arise under §1983, all claims against Johnson and Petty

1

individually, whether under federal or state law, and all claims for vicarious liability and permanent injunction are due to be dismissed with prejudice.

**2. The Plaintiffs provided false or misleading testimony under oath at the hearings on the petition for error corum nobis.**

Elrod alleges that the City's contention that he lied when he testified on April 30, 2024, at the hearing on the petition for error corum nobis before the Hamilton County Criminal Court about whether or not he provided the July 6, 2023, report to Sneed has "little basis in fact." However, Elrod's own testimony before Judge Patterson and later at his deposition confirms he lied or at least misrepresented what he did with the July 6, 2023, report. On April 30, 2024, Elrod testified at the first hearing on the petition for error corum nobis as follows:

> Q: This Exhibit 1, which is the July 6, 2023 internal affairs report that you have, that you wrote?
>
> A: Yes, sir.
>
> Q: You sent that to Chief Sneed?
>
> A: I did.
>
> Q: You, I guess, gave him a copy of it?
>
> A: Yes, sir, I did.

JA 0102. Later at the April 30, 2024, hearing, Sneed denied ever having seen the July 6, 2023, report prior to his testimony that day. JA 0104. Approximately a year later at his deposition, Elrod revealed he never actually gave Sneed a copy of the report as he had affirmatively and unequivocally represented on April 30, 2024, before Judge Patterson under oath:

> Q: And, so, then, in July, you take this report to Chief Sneed; and then what happens?

2

A: I tried to.

Q: Okay.

A: I went to him, and I said: I've got this other report completed for you."

And he said: "What report?"

And I said: "The report that has everything put together."

And he said: "Oh, no. That's too much. I don't want that."

Q: Did he read it?

A: No.

A: Did you ask him: "What do you mean, it's too much?" or anything like that, follow up on that?

Q: I was - - no. I didn't ask any followup questions.

A: You just - - you didn't give him the report. You just left the report and went back to your office, or what did you do?

Q: I told him that I had the report. I didn't physically hand him the report. I told him that: "I have this report, with all this information complied and ready for you.'"

JA 0158-0159. Elrod never explained under oath to Judge Patterson, that he only "tried to" give the report to Sneed, but Sneed would not accept it. JA 0158. Elrod never explained to Judge Patterson that he never physically gave the report Sneed. Instead, Elrod, without any qualification, testified that he gave Sneed a copy of the report. Sneed, on the other had, testified that he had never seen the July 6, 2023, report prior to April 30, 2024, during his testimony before Judge Patterson. JA 0104. Notably, Judge Patterson found that Sneed's testimony was credible, that he offered rational explanations for why the information regarding Wright was not turned over to the district attorney's

office, and that Sneed had not "covered up" the information regarding Wright. JA 0435-0436.

Similarly, the testimony provided by Jenkins at the May 29, 2024, hearing on the petition for error coram nobis was misleading, at best. As discussed in the principal brief, Jenkins testified before Judge Patterson that Wright had produced a picture to Elrod that contained Wright's penis "at that time." JA 0110. Presumably, when Jenkins stated "at that time," he meant when Wright was interviewed by Elrod for a second time in connection with the Planet Fitness allegations. Only after he was shown the actual picture Wright produced which contained a black spot that covered Wright's penis did Jenkins agree that the second picture did not actually depict Wright's penis.

Jenkins also attempted to explain away the misleading statement he made during the May 29, 2024, hearing at his deposition. JA 0462-0465. There, Jenkins stated that his testimony at the hearing regarding the second photo was based upon what Wright told him when Wright came to his office after his first interview with Elrod. JA 0463. Jenkins also testified at his deposition that he did not believe Wright told him about the black spot that covered Wright's penis in the second photo Wright eventually produced to Elrod. JA 0461. However, both the June 6, 2023, and July 6, 2023, reports that Elrod generated explicitly state that Wright told Jenkins, and Jenkins in-turn told Elrod, that the original, uncropped photo that Wright eventually produced in the second interview with Elrod "had a black spot covering [Wright's] penis." JA 0078, 0081. In other words, Jenkins knew or should have known when he testified before Judge Patterson on May 29, 2024, that Wright never produced a picture to Elrod that contained Wright's penis, yet that was his testimony, and he only "clarified" that statement after he was confronted with the second picture that was actually produced.

The undisputed evidence demonstrates Elrod and Jenkins provided untrue, or at-best, misleading testimony on April 30, 2024, and May 29, 2024, before the Hamilton County Criminal

4

Court. As a result, the Plaintiffs cannot affirmatively show the sole or substantial cause of their terminations were their communications to the district attorney or the Hamilton County Criminal Court so as to maintain claims under the TPPA or PEPFA. Therefore, Defendants respectfully submit they are due to be granted summary judgment on these claims.

**3. The civil conspiracy claims against Sneed are due to be dismissed with prejudice.**

In their response, the Plaintiffs allege Sneed did not assert he was entitled to summary judgment with respect to the conspiracy claims pled in Counts V and VII. However, Sneed alleged the conspiracy claims against him individually under the TPPA and PEPFA were improper because claims under those two statutes may only be brought against employers. Importantly, a claim for civil conspiracy is a means for establishing vicarious liability. See Stanfill v. Hardney, No. M2004-02768-COA-R3-CV, 2007 Tenn. App. LEXIS 620, at *23 (Tenn. Ct. App. Sept. 27, 2007) (citations omitted). It stands to reason that because a direct claim could not be brought against Sneed in his individual capacity under the TPPA or PEPFA, liability cannot be imputed to him individually under either statute. Stated another way, Sneed cannot be vicariously liable under the TPPA or PEPFA because those claims are not actionable against him individually.

Moreover, even if Sneed could be liable based upon a theory of conspiracy under the TPPA and/or PEPFA, those claims should still be dismissed because the evidence demonstrates Sneed was not aware of the suspensions and terminations before they occurred. JA0025, JA 0458. Additionally, the decisions to suspend and terminate were made solely by Johnson, in his capacity as city manager. JA 0094, JA 0100.

For all these reasons, the state law conspiracy claims against Sneed are due to be dismissed with prejudice.

Respectfully submitted,

**ROBINSON, SMITH & WELLS, PLLC**
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN   37450
Telephone:    (423) 756-5051
Facsimile:    (423) 266-0474

By:   s/ *Philip Aaron Wells*
      Philip Aaron Wells, BPR# 036248
      Ronald D. Wells, BPR# 011185
      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on September 25, 2025, Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Robinson, Smith & Wells, PLLC

By:   s/ *Philip Aaron Wells*